United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE MALVEAUX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN CANYON POLICE DEPARTMENT, *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-13-00338 DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |

On January 24, 2013, *pro se* Plaintiff Marianne Malveaux filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] The court found that Plaintiff satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a)(1), and on March 14, 2013, court granted Plaintiff's application to proceed IFP. [Docket No. 6.] The court did not address whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2) at that time. Now, having examined Plaintiff's complaint, the court concludes that Plaintiff's complaint fails to state a claim. Despite repeated requests, Plaintiff has not filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that Plaintiff's complaint be dismissed with leave to amend.

## I. Discussion

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a)(1). The court's grant of Plaintiff's application to proceed IFP, however, does not mean that she may continue to prosecute her complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

Plaintiff sues American Canyon Police Department, the City of American Canyon, the County of Napa, and three individuals, Chief Jean Donaldson in his capacity as Chief of Police of American Canyon Police Department, Officer Edelman, and Sergeant Hunter. Plaintiff asserts various violations of her constitutional rights pursuant to 42 U.S.C. § 1983, including claims for unreasonable search and seizure, excessive force, and false arrest, as well as due process violations and a taking of her private property without compensation in violation of the Fifth Amendment. (Compl. ¶¶ 33, 42, 48, 51.) Plaintiff also alleges claims for assault and battery. (Compl. ¶¶ 52, 53.)

Plaintiff's claims appear to be based upon an "illegal and warrantless stop" of Plaintiff which "set into motion the chain of events" that led to the alleged constitutional violations. (Compl. ¶ 34.) However, Plaintiff provides no details regarding the circumstances of the stop, and does not state the date of the incident. Plaintiff also does not specifically identify the personal property she alleges was taken from her, although she refers to the "deprivation of [her] automobile through impound." (Compl. ¶ 51.) Plaintiff refers to policies which allow employees of American Canyon Police Department "to confront canines" without reasonable animal training "in such a way as to cause the destruction of citizens' canine pets without lawful justification," but does not elaborate on this allegation. (Compl. ¶ 38.)

---

[1] Because a dismissal pursuant to Section 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

2

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). In addition, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation and citation omitted). Further, a court may properly dismiss a complaint for failure to state a claim "where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, Plaintiff's complaint contains almost no facts. She does not set forth any of the circumstances surrounding the allegedly unlawful stop, provide any details about Defendants' actions, identify the property allegedly taken from her, or even provide the date and location of the incident. Instead, Plaintiff offers conclusory statements that Defendants violated her civil rights without explaining *how* any of the Defendants violated her rights. Accordingly, as Plaintiff has failed to provide "simple, concise, and direct" information regarding the specific acts of each Defendant, the court is unable to determine whether the allegations state a cognizable claim for

1  relief and her claims cannot proceed as pled.  *See, e.g., McHenry*, 84 F.3d at 1177 (noting that
2  "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on
3  litigants and judges.  As a practical matter, the judge and opposing counsel, in order to perform their
4  responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to
5  determine who is being sued for what.").

   Accordingly, the court recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.  The court further recommends that Plaintiff be granted leave to file an amended complaint that remedies the deficiencies noted in this order by alleging facts that are sufficient for the court to determine whether she states a claim for the violation of her constitutional rights and that link each Defendant to the injury for which that Defendant is alleged to be responsible.

## II. Conclusion

For the reasons above, the court recommends that Plaintiff's complaint be dismissed with leave to amend.  The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: April 17, 2013



DONNA M. RYU
United States Magistrate Judge

4